Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the items marked "A" consist of plastic feeders and water fountains and that the items marked "B" consist of plastic fishes and plantlike forms in plastic envelopes similar in all material respects to those the subject of Abstract 67011, the claim at 10 percent under the provision in paragraph 1558, as modified by T.D. 52739, supplemented by Presidential proclamation (T.D. 52827), for non-enumerated manufactured articles was sustained.

No. 68820.—Reliance International Mfg., Ltd. v. United States, protests 59/32185, etc. (New York).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of plastic feeders and water fountains similar in all material respects to those the subject of Abstract 67011, the claim of the plaintiff was sustained. As to certain of the entries, the protests, having been abandoned, were dismissed.

BEFORE THE FIRST DIVISION, OCTOBER 14, 1964

No. 68821.—Raymor Mfg. Division, Inc. v. United States, protest 63/4081 (New York).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of wall-hung furniture similar in all material respects to that the subject of Fabry Associates, Inc. v. United States (45 Cust. Ct. 88, C.D. 2203), the claim of the plaintiff was sustained.

No. 68822.—Rosenel International Corp. et al. v. United States, protests 61/7883, etc. (New York).

Opinion by OLIVER, C.J.   In accordance with stipulation of counsel that the merchandise consists of plastic feeders and water fountains similar in all material respects to those the subject of Abstract 67011, the claim of the plaintiffs was sustained.

No. 68823.—Gallagher & Ascher Company *v.* United States, protests 61/4500(A)–11734 and 61/4506(A)–11765 (Chicago).

FORD, Judge:   The above protests, consolidated for the purpose of trial, are directed against the classification and subsequent assessment of duties on certain machinery under the provisions of paragraph 353 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as articles having as an essential feature an electrical element or device, at the rate of 13¾ per centum ad valorem.  Each of the importations consisted of three units: A horizontal bottom-making press, a cup body winding machine, and a body finishing machine; in the case of the merchandise covered by 61/4506(A) an automatic connection which appears to be a conveyor.  None of these machines were imported with electric motors but in certain instances the imported merchandise had electrical wiring, electrical control or accommodations for an electric heating unit.

The importer contends that the imported merchandise does not have as an essential feature an electrical element or device and as such is properly subject to the rate of duty of 11½ per centum ad valorem under the provisions of paragraph 372 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as machines, finished or unfinished, not specially provided for, other.

The pertinent portions of the provisions involved herein are as follows:
Paragraph 353 of the Tariff Act of 1930, as modified by T.D. 52739:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

       \*     \*     \*     \*     \*     \*     \*
    Other (except \* \* \*) _____ 13¾% ad val.

Paragraph 372, as modified by T.D. 54108:

Machines, finished or unfinished, not specially provided for:

       \*     \*     \*     \*     \*     \*     \*
    Other (except \* \* \*) _____ 11½% ad val.

The record herein consists of the testimony of one witness called on behalf of plaintiff and four photographs of the imported merchandise received in evidence as plaintiff's illustrative exhibits 1 through 4.  The witness, Mr. Clarence Brewer, testified that he is a consulting engineer who was employed by the actual importer herein, Solo Cup Co., for the purpose of determining whether and how many of the imported machines should be purchased.  Mr. Brewer testified that he saw similar machines operating in Germany by electric power; that the imported machines are still not in operation though uncrated;